11-4463
Dangol v. Holder

BIA
Hom,
A089 249 768

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of June, two thousand thirteen.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

HIKMAT DANGOL,
> *Petitioner,*

v.                                          11-4463
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Dilli Raj Bhatta, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hikmat Dangol, a native and citizen of Nepal, seeks review of a September 30, 2011, order of the BIA affirming the April 7, 2010, decision of an Immigration Judge ("IJ"), which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dangol*, No. A089 249 768 (B.I.A. Sept. 30, 2011), *aff'g* No. A089 249 768 (Immig. Ct. N.Y. City Apr. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications such as this one, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on

2

an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This Court "defer[s] . . . to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the agency's adverse credibility determination is supported by substantial evidence that takes the form of inconsistencies and evasive testimony going to the heart of Dangol's persecution claims. *See Li Zu Guan v. INS*, 453 F.3d 129, 135 (2d Cir. 2006) (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (citations and internal quotation marks omitted)). His testimony that he wrote an article critical of Maoists in the *Sumatara Patra* newspaper in March 2007 was inconsistent with a letter from that newspaper's editor stating that Dangol only wrote for the newspaper until 2006. Dangol's claim that he was never given an opportunity to

3

meaningfully explain that inconsistency is belied by the Government's repeated requests during the merits hearing that he explain it. Dangol responded evasively to most of those questions, and finally suggested that the editor-in-chief might have forgotten about his work at the newspaper. The agency permissibly took Dangol's non-responsiveness into account in forming its negative credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the agency was not required to specifically address his explanation as to the inconsistency, since it is apparent from the BIA's decision that it found the explanation to be incredible under the totality of the circumstances. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (the agency is not required to "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps."); *cf. Pavlova v. INS*, 441 F.3d 82, 89-90 (2d Cir. 2006) ("[W]here it is not apparent on the face of the record that the [agency] has considered the applicant's responses to the [agency's] credibility concerns, we . . . require the [agency] to say enough to allow us to understand, and to review, the reasons for rejecting the applicant's testimony."). Since these inconsistencies and

4

evasiveness concerning Dangol's claim that he faced persecution on the basis of the articles he wrote -- persecution that allegedly peaked following the publication of the March 2007 article -- support the IJ's credibility determination, under a totality of the circumstances, we defer to the agency's finding. *See Xiu Xia Lin*, 534 F.3d at 167; 8 U.S.C. §1158(b)(1)(B)(iii).

Accordingly, as Dangol's lack of credibility rendered him unable to establish past persecution or a well-founded fear of persecution, as was necessary to make out his asylum claim, he was necessarily unable to meet the higher standard for withholding of removal and CAT relief, as all three claims rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Dangol's pending motions for a stay of removal and release from detention, and the Respondent's motion to expedite, are DISMISSED as moot.[1] Any pending request for oral argument in this

---

[1] Because the agency's adverse credibility determination is the only issue properly before this Court, Dangol's motion for a remand for adjudication of his pending visa petition is denied. Such a request must be made before the BIA in the form of a motion to reopen. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007); *see also* 8 C.F.R. § 1003.2(c)©. As the petition and remand motion have been denied, the Government's

petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

---

motion to strike Dangol's supplemental papers is denied as moot.